

**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

null / ALL
Transmittal Number: 15497377
Date Processed: 08/11/2016

| | |
|---|---|
| Primary Contact: | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |
| Entity: | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| Entity Served: | Liberty Mutual Insurance Company |
| Title of Action: | Kevin Jensen vs. Liberty Mutual Insurance Company |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Waller County District Court, Texas |
| Case/Reference No: | 16-08-23864 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 08/11/2016 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Mike O'Brien<br>713-222-0088 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# EXHIBIT 1

# THE STATE OF TEXAS
# CERTIFIED MAIL CITATION
16-08-23864

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **LIBERTY MUTUAL INSURANCE COMPANY, CORPORATION SERVICE COMPANY, 211 EAST 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218**, Defendant Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's ORIGINAL PETITION at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 506th District Court of Waller County, Texas at the Court House of said county in Hempstead, Texas.

Said Plaintiff's Petition was filed in said court on 08/08/2016, in this case, numbered 16-08-23864 on the docket of said court, and styled,

**KEVIN JENSEN AND JESSICA JENSEN**, Plaintiffs VS **LIBERTY MUTUAL INSURANCE COMPANY**, Defendant

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION accompanying this citation and made a part hereof.

ATTORNEY FOR PLAINTIFF OR PLAINTIFF
  MIKE O'BRIEN
  14355 HIGHWAY 105
  WASHINGTON TX 77880
  713-222-0088

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Hempstead, Texas on the 9th day of August, 2016.

LIZ PIRKLE, District Clerk,
District Court, WALLER COUNTY, Texas
By Janie Derrick, _____ Deputy
836 Austin Street Room 318
Hempstead, TX 77445

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by
Mailing to the defendant by certified mail. Return
receipt requested, a true copy of the Citation Sec. 17.027
Rules of Civil Practice and Remedies Code if not
prepared by Clerk of Court.
Janie Derrick, Deputy
836 Austin Street, Room 318
Hempstead, TX 77445
CMRR# 7015 0640 0006 0510 2461

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on 9th day of August, 2016 I mailed to Liberty Mutual Insurance Company(s) by registered mail or certified mail, return receipt requested, a true copy of this citation with a copy of the petition attached thereto.

_____
Janie Derrick, Deputy
Waller County District Clerk

Filed: 8/8/2016 2:37:04 PM
Liz Pirkle, District Clerk
Waller County, Texas
By: Janie Derrick, Deputy

CAUSE NO. __16-08-23864__

| | | |
|---|---|---|
| KEVIN JENSEN and JESSICA JENSEN | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL INSURANCE COMPANY | § § § | __506th__ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURE

COMES NOW, Kevin and Jessica Jensen, Plaintiffs herein, and file Plaintiffs' Original Petition, Jury Demand and Request for Disclosure, complaining of Liberty Mutual Insurance Company ("Liberty" or "Defendant"), and for cause of action, Plaintiffs respectfully show the following:

### I.

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3. Plaintiff seeks monetary relief over $1,000,000. TEX. R. CIV. P. 47(c) (5).

### II.

### PARTIES

2. Plaintiffs, Kevin and Jessica Jensen, reside in Waller County, Texas.

3. Defendant, Liberty Mutual Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Liberty Mutual Insurance Company at the address listed on the Texas Department of

Insurance: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218. Plaintiffs request service at this time.

## III.
## JURISDICTION AND VENUE

4. The Court has jurisdiction over Liberty Mutual Insurance Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Waller County, Texas, with reference to this specific case.

5. Venue is proper in Waller County, Texas because the insured property is located in Waller County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Waller County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## IV.
## FACTS

6. Plaintiffs assert a claim for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiffs own a Liberty Mutual Insurance Company homeowner's insurance policy number H37-298-261556-40 ("the Policy"), which was issued by Liberty. At all relevant times, Plaintiffs owned the insured premises located at 27507 Rock Island Rd, Hempstead, Texas 77445 ("the Property").

8. Liberty, or its agent, sold the Policy, insuring the Property, to Plaintiffs. Liberty represented to Plaintiffs that the Policy included coverage for damages to Plaintiffs' home.

9. On or about April 18, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Waller County, Texas area.

10. In the aftermath of the storm, Plaintiffs submitted a claim to Liberty against the Policy for damage to the Property. Liberty assigned claim number 033632932-01 to Plaintiffs' claim.

11. Plaintiffs asked Liberty to cover the cost of damage to the Property pursuant to the Policy.

12. Liberty hired or assigned its agent to inspect and adjust the claim. After its agent conducted their inspections on several different occasions, Liberty generated an estimate of damages that barely covered the cost of remediation, water extraction, pack-out, and storage. Plaintiffs are left with no money to return their home to its pre-loss condition.

13. Liberty has ultimately refused full coverage which includes, but is not limited to, replacement of the roof, exterior and interior damage.

14. The damage to Plaintiffs' Property is currently estimated at over $300,000, excluding amounts paid directly to vendors for remediation, water extraction, pack-out, and storage.

15. As stated above, Liberty improperly and unreasonably adjusted Plaintiffs' claim. Without limitation, Liberty misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

16. Liberty made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Liberty made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates property by Liberty and its agents.

17. Plaintiffs relied on Liberty's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

18. Upon receipt of the inspection and estimate report, Liberty failed to assess the claim thoroughly. Based upon Liberty's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Liberty failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

19. Because Liberty failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

20. Furthermore, Liberty failed to perform their contractual duties to Plaintiffs under the terms of the Policy. Specifically, Liberty refused to pay full proceeds due under the Policy, based on its substandard and unreasonable estimate, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

21. Liberty's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

22. Liberty's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Liberty has failed to settle Plaintiffs' claim in a fair manner, although Liberty was aware of their liability to Plaintiffs under the Policy. Specifically, Liberty has failed, in an honest and fair manner, to balance their own interests in

4

maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

23. Liberty's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Liberty failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

24. Additionally, after Liberty received numerous demands for payment of the damage sustained by Plaintiffs, Liberty has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

25. Liberty's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Liberty refused to provide full coverage to Plaintiffs under the Policy due to Defendants' failure to conduct a reasonable investigation.

26. Specifically, Liberty, through its agents, servants and representatives, performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

27. Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Liberty failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

28. Liberty's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Liberty failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Liberty delayed full

payment of Plaintiffs' claim based on the unreasonable and substandard estimate, longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' claim.

29. Liberty's wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

V.

## CAUSES OF ACTION AGAINST DEFENDANT

### Breach of Contract

30. Liberty is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Liberty and Plaintiffs.

31. Liberty's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitute a breach of Liberty's insurance contract with Plaintiffs.

### Noncompliance with the Texas Insurance Code: Unfair Settlement Practices

32. Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

33. Liberty's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

34. Liberty's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Liberty's liability under the

Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

35. Liberty's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

36. Liberty's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

### Noncompliance with the Texas Insurance Code: The Prompt Payment of Claims

37. Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

38. Liberty's delay in paying Plaintiffs' claim following receipt of all items, statements, an forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

39. Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

40. Liberty's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Liberty knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA Violations

41. Liberty's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"). TEX. BUS. & COM. CODE 17.41-63. Plaintiffs are consumers of goods and services provided by Liberty pursuant to the DTPA. Plaintiffs have met all conditions precedent to bring this cause of action against Liberty. Specifically, Liberty's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Liberty has violated sections 17.46(b) (2), (5), (7), (9), (12), (20) and (24) of the DTPA. Liberty's violations include: (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim; (2) failure to give Plaintiffs the benefit of the doubt; and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2);

   B. Liberty represented to Plaintiffs that the Policy and Liberty's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA;

   C. Liberty represented to Plaintiffs that Liberty's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA;

   D. Liberty advertised the Policy and adjusting services with the intent not to sell them as advertised in violation of section 17.46(b)(9) of the DTPA;

    E. Liberty breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

    F. Liberty's actions are unconscionable in that Liberty took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Liberty's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

    G. Liberty's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

42. Each of the above-described acts, omissions, and failures of Liberty is a producing cause of Plaintiffs' damages. All of Liberty's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

### Fraud

43. Liberty is liable to Plaintiffs for common law fraud.

44. Every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as they did, and Liberty knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

45. Liberty made these statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon these statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

### Knowledge

46. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

### Waiver and Estoppel

47. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VI.

## DAMAGES

48. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

49. Plaintiffs currently estimate that actual damages to the Property under the Policy are in excess of $300,000.

50. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The above-described acts, omissions, failures, and conduct of Defendant has caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

51. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

52. For noncompliance with the DTPA and Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

53. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

54. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount ARI owed, exemplary damages, and damages for emotional distress.

55. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' right and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

56. For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

57. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practice and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

58. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(5) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief of more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## VII.
## REQUESTS FOR DISCLOSURE

59. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rule 190.2(b)(6) and 194.2.

## VIII.

## JURY DEMAND

60. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Waller County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## IX.

## PRAYER

61. Plaintiffs pray that Defendant, Liberty Mutual Insurance Company be cited and served to appear, and that upon trial hereof, Plaintiffs, Kevin and Jessica Jensen, recover from Defendant, Liberty Mutual Insurance Company such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

MIKE O'BRIEN, P.C.

Mike O'Brien
State Bar No. 15170200
14355 Highway 105
Washington, Texas 77880
(713) 222-0088
(713) 222-0088 Fax
mike@moblaw.com

THE BANDINI LAW FIRM

Amanda Bandini
State Bar No. 24078191
4669 Southwest Freeway, Suite 420
Houston, Texas 77027
(281) 853-9424
abandini@bandinilaw.com

By: _____
Mike O'Brien

ATTORNEY FOR PLAINTIFFS

Waller County District Clerk
836 Austin Street, Room 318
Hempstead, TX 77445



7015 0640 0006 0510 2461

FIRST-CLASS MAIL
US POSTAGE $006.88
ZIP 77445
041L11254632

LIBERTY MUTUAL INSURANCE COMPANY
CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TX 78701-3218

78701-321870